```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

ELAINE MILLER HARMAN, VIRGINIA   )
MILLER DOUROUDIAN,               )
                                 )
            Plaintiffs            )
                                 )
        v.                       )   Case No. 2:09 cv 366
                                 )
REGIONAL FEDERAL CREDIT UNION,   )
                                 )
            Defendant             )

## OPINION AND ORDER

This matter is before the court on the Fed. R. Civ. P. 15(a)(2) Motion to Amend Answer and Affirmative Defenses [DE 41] filed by the defendant, Regional Federal Credit Union, on September 23, 2010. The defendant requests leave to make two amendments to its Answer to the First Amended Complaint. The defendant wishes to change the word "certificates" to "certificate" and to indicate that it is an Amended Answer in its first affirmative defense. The plaintiffs do not object to the second change, but oppose the defendant changing certificates to its singular. The plaintiffs argue that this misstates the facts because there are two certificates at issue, is grammatically incorrect, and would mislead the court and confuse the pleadings.

Leave to amend a party's pleadings "shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a). The Supreme Court held that permission to amend shall be

granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). See also Jackson v. Rockford Housing Authority, 213 F.3d 389, 393 (7th Cir. 2000)("The general rule that amendment is allowed absent undue surprise or prejudice to the plaintiff is widely adhered to by our sister courts of appeal."). The court also may deny leave because the amendment is futile or would not withstand a motion to dismiss. Bethany Pharmacal Company Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001)(citing Foman, 371 U.S. at 182, 83 S.Ct at 230). Rule 15(a) is highly discretionary. The decision of the court to deny leave to amend only violates this abuse of discretion standard "if 'no reasonable person could agree with the decision.'" Winters v. Fru-Con, Inc., 498 F.3d 734, 741 (7th Cir. 2007)(quoting Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004)); Ajayi v. Aramark Business Services, 336 F.3d 520, 530 (7th Cir. 2003).

This circuit has recognized that because pleadings merely serve to put the other party on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. Jackson, 213 F.3d at 390. Over the course of this matter, the defendant has developed the position that there is only one certificate, and

that the second certificate is a renewal of the first.  The defendant's position was clearly reflected in its motion for summary judgment, and given the early posture of this case, there is little room for surprise or prejudice to the plaintiffs. Rather, the court should freely grant leave for the defendant to amend the answer to reflect its position.

Based on the foregoing, the Motion to Amend Answer and Affirmative Defenses [DE 41] filed by the defendant, Regional Federal Credit Union, on September 23, 2010, is GRANTED.

ENTERED this 1st day of November, 2010

s/ Andrew P. Rodovich
United States Magistrate Judge