```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


ELAINE MILLER HARMAN,           )
VIRGINIA MILLER DOUROUDIAN,     )
                                )
            Plaintiffs          )
                                )
        v.                      )    Case No. 2:09 cv 366
                                )
REGIONAL FEDERAL CREDIT UNION,  )
                                )
            Defendant           )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 28] filed by the defendant, Regional Federal Credit Union, on June 4, 2010; the Motion for Leave to File Supplemental Exhibit to Their Response in Opposition to Defendant's Motion for Summary Judgment [DE 32 & 36] filed by the plaintiffs, Elaine Miller Harman and Virginia Miller Douroudian, on June 30, 2010; and the Motion to Strike Portions of Elaine M. Harman's Affidavit and Plaintiffs' Statement of Material Fact [DE 38] filed by the defendant on July 7, 2010.  Based on the following, the Motion for Summary Judgment [DE 28] is DENIED, the Motion for Leave to File Supplemental Exhibit to Their Response in Opposition to Defendant's Motion for Summary Judgment [DE 32 & 36] is DENIED AS MOOT, and the Motion to Strike Portions of Elaine M. Harman's Affidavit and Plaintiffs' Statement of Material Fact [DE 38] is DENIED.

Background

The plaintiffs, Elaine Harman and Virginia Douroudian, possess two certificates of deposit from the Hammond School Employees Federal Credit Union, now known as the Regional Federal Credit Union. The first certificate is dated January 10, 1975, and is for $4,000 with a 7.5% interest rate. The second certificate is dated January 10, 1976, and is for $4,000 at a 7% interest rate. Although the certificates are in Harman and Douroudian's names, they had no knowledge of them until July 2008, when the certificates were discovered in their now deceased father's box of belongings. Harman presented the certificates to the Credit Union, which dishonored the certificates.

The parties dispute whether the certificates were paid and whether there are one or two certificates. The Credit Union maintains that the January 10, 1975 certificate was for a one year term and was renewed by the certificate of deposit issued on January 10, 1976, with a maturity date of December 31, 1976. At the expiration of that term, December 31, 1976, the balance of the certificate of deposit and the dividend was divided equally and deposited into Douroudian and Harman's bank accounts. Douroudian and Harman claim that they hold the original certificates and that the certificates never were paid or credited to their accounts.

The Credit Union also asserts that Douroudian and Harman agreed to notify the Credit Union of any discrepancies regarding their accounts within 60 days of the discrepancy and that neither plaintiff provided any notification. Harman and Douroudian disagree that they entered such an agreement with the Credit Union. Harman closed her account at the Credit Union on November 25, 1996, and Douroudian closed hers on July 24, 2002.

Harman and Douroudian filed suit against the Credit Union on October 30, 2009, alleging a wrongful dishonor of the certificates of deposit, negligent record keeping and documentation, bad faith dealing, breach of contract, breach of fiduciary duty, and unjust enrichment. The Credit Union filed its motion for summary judgment, arguing that the statute of limitations expired before Douroudian and Harman filed their complaint. Douroudian and Harman filed a response, supported by an affidavit prepared by Harman. The Credit Union has moved to strike portions of Harman's affidavit. Douroudian and Harman also request leave to file a supplemental exhibit to their response to the Credit Union's motion for summary judgment.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is

entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Stephens, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); Stephens, 569 F.3d at 786; Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. Ashman v. Barrows, 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. Wheeler, 539 F.3d at 634 (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510).

4

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson, 477 U.S. at 250, 106 S.Ct. at 2511

See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000)(setting out the standard for a directed verdict); Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2553; Stephens, 569 F.3d at 786; Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008)(stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

The Credit Union has moved for summary judgment, arguing that the statute of limitations expired before Harman and Douroudian filed their complaint. I.C. §26-1-3.1-118(a) provides:

> Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note.

The exception permitted by subsection (e) specifically addresses certificates of deposit and states:

> An action to enforce the obligation of a party to a certificate of deposit to pay the instrument must be commenced within six (6) years after demand for payment is made to the maker, but if the instrument states a due date and the maker is not required to pay before that date, the six (6) year period begins when a demand for payment is in effect and the due date has passed.
>
> I.C. §26-1-3.1-118(e)

Certificates of deposit are subject to a different statute of limitations than other negotiable instruments. Willston on Contracts §60:61 (4th ed.). Certificates of deposit generally are payable on demand even when they provide for payment at a later time. I.C. §26-1-3.1-118, Official Comment 4. If the certificate of deposit is a demand certificate, the action to enforce the certificate must be commenced within six years after demand for payment is made. I.C. §26-1-3.1-118, Official Comment 4. If the certificate is a time certificate, the six year period

6

begins to run when a demand for payment is made and the due date has passed. I.C. §26-1-3.1-118, Official Comment 4; 22 Willston on Contracts §60:61 (4th ed.). Demand is made when the holder presents the certificate to the maker for payment. Willston on Contracts §60:62 (4th ed.).

Harman claims that she has the original certificates of deposit and that she sent copies of the certificates of deposit to the Credit Union on multiple occasions. Paragraph 20 of Harman's affidavit provides that on November 7, 2008, Harman presented the original certificates to the Credit Union and demanded payment. The Credit Union has moved to strike paragraph 20 from Harman's affidavit, arguing that it is a conclusory statement that is not substantiated by the facts of record. However, paragraph 20 is based on Harman's personal knowledge of actions she took to redeem the certificates of deposit and does not reach a legal conclusion. Simply because "demand" and "presented" are legal terms does not mean that an individual cannot use these terms to describe actions within her personal knowledge. Therefore, the Credit Union's motion to strike paragraph 20 of Harman's affidavit is DENIED.

Relying on Harman's statement in paragraph 20, the statute of limitations began to run on November 7, 2008, when Harman presented the certificates and demanded payment. See I.C. §26-1-

7

3.1-118(e)(stating that the statute of limitations to demand payment on a certificate of deposit is six years from the date demand is made). The instant action was filed on October 30, 2009, within a year of demand. Therefore, Harman and Douroudian's claims are not barred by the six year statute of limitations.

The Credit Union also contends that Harman and Douroudian's claims are barred because they were required to notify the Credit Union of any discrepancies with their accounts within 60 days. Harman and Douroudian argue that they were not a party to such an agreement, that the discrepancy did not arise until they discovered the certificates of deposit, and that the language on the face of the certificate of deposit eliminates any argument that they were required to alert the Credit Union of its failure to pay on December 31, 1976, within 60 days.

Harman and Douroudian each maintained a bank account at the Credit Union. The parties filed competing affidavits concerning whether Harman and Douroudian agreed to notify the Credit Union of discrepancies with these accounts within 60 days. The Credit Union has moved to strike the respective paragraph of Harman's affidavit, which provides that she and Douroudian were not parties to an agreement with the Credit Union to notify it of discrepancies with their accounts within 60 days, on the grounds

that Harman failed to substantiate the statement with other evidence. However, Rule 56(e) only requires for the affiant to have personal knowledge of the facts to which she is attesting and for the evidence to be otherwise admissible. Harman is not offering this evidence as an opinion. Rather, she is testifying to her personal knowledge of agreements she has entered. The federal rules do not require an affiant to present additional evidence to support her testimony of facts to which she has personal knowledge. For this reason, the Credit Union's motion to strike paragraph 11 is DENIED.

Because there is competing evidence regarding whether Harman and Douroudian agreed to notify the Credit Union of any discrepancies with their accounts within 60 days, an issue of material fact remains on this issue. Additionally, the discrepancy at issue concerns the certificates of deposit, not Harman and Douroudian's bank accounts, and Harman and Douroudian were not privy to the agreement concerning the certificates of deposit. Therefore, they could not have agreed to notify the Credit Union of discrepancies concerning the certificates of deposit within 60 days.

Assuming arguendo that Harman and Douroudian did agree to notify the bank of any discrepancies, under Indiana law, an action does not accrue until the party knew or could have discov-

9

ered upon the exercise of ordinary diligence that an injury was sustained. Frey v. Bank One, 91 F.3d 45, 46 (7th Cir. 1996). The Credit Union maintains the position that with ordinary diligence Harman and Douroudian would have reviewed their bank statements and noted the lack of payment on the date the certificates of deposit were due. However, Harman and Douroudian were unaware of the certificates of deposit, and even if they exercised due diligence in checking their bank statements, they would not have noticed the discrepancy until they became aware of the existence of the certificates of deposit. Therefore, this argument fails.

Although the Credit Union moved to strike the paragraphs from Harman's affidavit that state that she and Douroudian were unaware of the certificates of deposit, the Credit Union's argument is without merit. Regional Federal Credit Union argues that because paragraphs 2 and 3 should be stricken from the affidavit, paragraphs 4, 5 and 10 lack the appropriate foundation to be admitted. To begin, paragraphs 2 and 3 of Harman's affidavit provide that Harman's father purchased the certificates of deposit, numbered A 141 and 157, from Hammond School Employees Federal Credit Union on January 10, 1975, and January 10, 1976 respectively. While Harman and Douroudian were not aware of the certificates until July 14, 2008, the addressee in possession of

10

a document is assumed to have personal knowledge of the contents of the document. See M.D. and Associates, Inc. v. Sears, Roebuck and Co., 749 S.W.2d 454, 457 (Mo. App. S.D. 1988)(addressee of a letter assumed to have personal knowledge of its contents); Jacobson v. Mutual Life Ins. Co. of N.Y., 271 F.2d 620, 622 (7th Cir. 1959)(beneficiary of insurance policy assumed to have personal knowledge of the policies' contents); E.E.O.C. v. Admiral Maintenance Service, L.P., 174 F.R.D. 643, 648 (N.D. Ill. 1997)(finding that the affiant could attest to his understanding of what the E.E.O.C. opinion stated). Because the certificates were in Harman's name and she has possession of the documents, she is assumed to have personal knowledge of what the documents state. Furthermore, her affidavit states that she did not have knowledge of the documents at the time of purchase, but it does not state that she does not presently have personal knowledge of the contents of the documents. Harman acquired knowledge of the contents of the documents after she discovered and read them, and she can testify to what they say based on her personal observation of the documents.

While Harman did not personally observe her father purchase the documents, an affiant is permitted to make reasonable inferences and give reasonable opinions. See Admiral Maintenance Service, 174 F.R.D. at 647 (stating that personal knowledge in-

cludes inferences and opinions). Given the location where Harman observed the certificates of deposit, in her father's box of personal belongings, it was reasonable for Harman to infer that her father purchased the certificates. In any case, the identity of the purchaser is not material to the issues at hand, and Harman is competent to testify to the contents of the certificates of deposit. Therefore, the Credit Union's motion to strike paragraphs 1 and 2 is DENIED. Accordingly, Harman laid the appropriate foundation for paragraphs 4, 5, and 10, and the Credit Union's motion to strike paragraphs 4, 5, and 10 is also DENIED.

Furthermore, even if Harman and Douroudian were aware of the certificates of deposit, on the face of the documents it states: "In the event that this Certificate is not presented for payment on its initial or any subsequent maturity dates, it will automatically be renewed from its last maturity date". Therefore, if the Credit Union did not credit their bank accounts on December 31, 1976, with the balance and interest due on the certificates of deposit, the failure to pay would not be a "discrepancy." Pursuant to the terms of the certificates of deposit, the certificates should have automatically renewed until the Credit Union either notified the plaintiffs of its termination or the plaintiffs made a demand for payment. Because Harman and Douroudian's

claims are not barred by the statute of limitations and there remains a material issue of fact concerning whether Harman and Douroudian agreed to notify the bank of any discrepancies with their account within 60 days, and if they so agreed whether notification was timely made, the Credit Union's motion for summary judgment is DENIED.

The Credit Union also moved to strike additional paragraphs of Harman's affidavit. Because these paragraphs relate to matters that are not pertinent to this motion for summary judgment, the motion to strike the remaining paragraphs is DENIED AS MOOT. Harman and Douroudian also requested leave to supplement their response with their expert witness report. However, the expert report addresses information beyond the scope of the Credit Union's motion for summary judgment, and is DENIED AS MOOT.

ENTERED this 18th day of November, 2010

s/ ANDREW P. RODOVICH
United States Magistrate Judge